Elizabeth L. Hausbeck
GARLINGTON, LOHN & ROBINSON, PLLP
350 Ryman Street • P. O. Box 7909
Missoula, MT 59807-7909
Telephone (406) 523-2500
Telefax (406) 523-2595
elhausbeck@garlington.com

Attorneys for Budget Inns of Bridgeport, LLC

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| BUDGET INNS OF BRIDGEPORT, LLC, a Michigan limited liability company,<br><br>      Plaintiff,<br><br>v.<br><br>ROHIT PATEL,<br><br>      Defendant. | Cause No. CV – 13-_____<br><br><br>COMPLAINT |

Plaintiff, BUDGET INNS OF BRIDGEPORT, LLC, through its undersigned counsel, and for its complaint against Defendant alleges as follows:

I.    PARTIES

1.    Plaintiff is a Michigan limited liability company doing business in Saginaw County, Michigan.

2. Upon information and belief, Defendant ROHIT PATEL is an individual residing in Missoula County in the State of Montana.

## II.   JURISDICTION AND VENUE

3. The Court has jurisdiction over the lawsuit under 28 U.S.C. § 1332, as the matter in controversy exceeds the sum of $75,000 and is between citizens of different states.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), as Defendant is a resident of Montana.

## III.   GENERAL ALLEGATIONS

5. On July 5, 2012, Plaintiff, as Landlord, entered into a Lease and Guaranty ("The Lease") with Bridgeport Hospitality, LLC ("Bridgeport"), as Tenant, for the premises located at 6379 Dixie Highway, Bridgeport, Michigan 48722 (the "Property").  A copy of the Lease and Guaranty is attached hereto as Exhibit A.

6. The Lease was for a term of ten (10) years ending on July 4, 2022.

7. The Lease, in Section 16.1, required a personal guaranty from Defendant Rohit Patel ("Defendant") as well as from Vellaichamy Muthukumar, Manjula Jothi Muthukumar, Nainesh Patel, and Alopi Patel (collectively, the "Other Guarantors.")

8. Defendant signed the personal guaranty on July 12, 2012.

9. The Other Guarantors signed the personal guaranty on July 5, 2012, and on July 25, 2012.

10. The personal guaranty provides that each guarantor is jointly and severally liable for any and all amounts Bridgeport owes under the Lease.

11. On October 29, 2012, Plaintiff, Defendant, and the Other Guarantors entered into an Agreement Regarding Lease and Guaranty Dated July 5, 2012. A copy of the Agreement is attached hereto as Exhibit B.

12. Bridgeport defaulted on its payment obligations under the Agreement by failing to timely make its April 5, 2013, payment for rent and tax escrow in the total amount of $24,600.

13. Although Plaintiff accepted certain additional payments from Bridgeport in June and July, 2013, Bridgeport again failed to meet its commitments under the Lease and October 29, 2012 Agreement by failing to make a payment due on or before August 5, 2013, in the amount of $48,866.32.

14. On September 11, 2013, Plaintiff filed suit in the 10th Circuit Court for the County of Saginaw in the State of Michigan against Bridgeport, Defendant, and the Other Guarantors. A copy of the Complaint is attached hereto as Exhibit C.

15. On October 21, 2013, Defendant moved to dismiss the complaint against him based on lack of personal jurisdiction because he is a resident of Montana and not subject to personal jurisdiction pursuant to Michigan's long arm statute.

16. In connection with Defendant's motion, Defendant admitted that he signed the personal guaranty that is the subject of this Complaint. A copy of the Affidavit of Rohit Patel (Oct. 17, 2013) is attached hereto as Exhibit D.

17. On November 18, 2013, the 10th Circuit Court for the County of Saginaw in the State of Michigan entered judgment in favor of Plaintiff and against Bridgeport in the amount of Two Million Seven Hundred Seven Thousand One Hundred Eleven and 47/100 Dollars ($2,707,111.47). A copy of the Default Judgment in Favor of Plaintiff is attached hereto as Exhibit E.

18. The Court further ordered that Bridgeport is liable to Plaintiff for all costs and attorneys' fees incurred in connection with the action and all other attempts to collect amounts due from the Guarantors. *See* Ex. E.

19. On December 2, 2013, the 10th Circuit Court for the County of Saginaw in the State of Michigan granted Defendant's motion and ordered that Defendant be dismissed without prejudice from the Michigan case for lack of personal jurisdiction. *See* Order Granting Summary Disposition attached hereto as

Exhibit F.

## IV. COUNT I - GUARANTY AGAINST DEFENDANT

20. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 19 above.

21. The Guaranty of Defendant, and the Other Guarantors, provides that each guarantor:

> [I]rrevocably guarantees to Landlord the full and prompt payment when due and at all times thereafter Rent (as defined in the Lease) and all other existing and future indebtedness and liabilities of every nature and kind, now or hereafter owing from Tenant, its successor and assigns to Landlord, and all interest and late charges accrued thereon (the "Indebtedness"). Guarantor further guarantees the full and timely performance and observance of all the covenants, terms, conditions, and agreements that Tennant, its successors and assigns must perform pursuant to the Lease (the "Obligations"). The term "Lease" as used in this Guaranty shall include the Lease and all renewals, extensions and modifications thereof.

Lease & Guaranty, ¶ 16.1.

22. Defendant and the Other Guarantors are jointly and severally liable, under the Guaranty, for any money owed by Defendant Bridgeport to Plaintiff.

23. Therefore, Defendant is liable to Plaintiff for the full amount owed to Plaintiff.

WHEREFORE, Plaintiff respectfully requests that this Court enter an order:

1.      Declaring that Defendant is in default of his guaranty obligations related to the Lease, dated July 5, 2012, and the Agreement, dated October 29, 2012;

2.      Issuing judgment in favor of Plaintiff and against Defendant for Two Million Seven Hundred Seven Thousand One Hundred and Eleven and 47/100 Dollars ($2,707,111.47);

3.      Awarding attorneys' fees and costs in favor of Plaintiff and against Defendant, plus all additional interest, costs and attorneys' fees incurred from and after the date of the filing of this Complaint; and

4.      Awarding any such other relief as the Court deems appropriate and equitable.

DATED this 17th day of December, 2013.


                             /s/  Elizabeth L. Hausbeck
                             Attorneys for Budget Inns of Bridgeport, LLC